IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO D. FLETCHER-BEY,

      Plaintiff,

v.

JOHN DOE #2 and JOHN DOE #3,

      Defendants.

Case No. 24-cv-230-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Antonio D. Fletcher-Bey, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On January 31, 2024, this matter was severed from Fletcher-Bey's Complaint in *Fletcher-Bey v. Dearmond, et al.*, Case No. 23-cv-3514-NJR, and includes the following claim:

> **Count 4:**     **Eighth Amendment excessive force claim against John Doe #2 and John Doe #3 for the use of chemical spray on May 4, 2023.**

(Doc. 1, pp. 7-8).

On March 5, 2024, Fletcher-Bey informed the Court of his intent to proceed with the severed claim and filed an Amended Complaint (Doc. 9). Thus, this case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint

1

that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In the Amended Complaint, Fletcher-Bey makes the following allegations: On May 4, 2023, Fletcher-Bey was housed in Cell 2-08 in Menard's East Cellhouse (Doc. 9, p. 2). The cellhouse was on a Level One lockdown, and tactical team members patrolled the galleries (*Id.*). Fletcher-Bey stopped unknown correctional officers John Doe #2 and John Doe #3 on their patrol and informed them that someone had thrown feces and urine on the gallery, directly in front of cells 2-07 through 2-12, including in front of Fletcher-Bey's cell (*Id.*). He asked the officers to have the waste cleaned up because it had already been on the gallery for a week (*Id.*). John Doe #2 and John Doe #3 refused his request to clean the gallery and continued their patrol.

In response, Fletcher-Bey proceeded to clean the area in front of his cell himself by pushing shampoo water from his cell into the gallery (*Id.* at p. 2). John Doe #2 and John Doe #3 went behind Fletcher-Bey's cell and turned the plumbing off to his cell. They then called him to the back of the cell, near a vent, where they proceeded to spray him in the face with a chemical agent (*Id.* at pp. 2-3). Fletcher-Bey fell to the floor, choking, gasping, and spitting up (*Id.* at p. 3). Inmates in cell 2-07 yelled for help and cussed at the unknown officers (*Id.*). The officers then shut the plumbing off to that cell and sprayed the inmates in cell 2-07 with a chemical agent. Fletcher-Bey and his cellmate begged for medical attention for their injuries (*Id.*). Instead of providing medical attention, Fletcher-Bey

alleges the officers sprayed his cell with chemical spray an additional two times and told the inmates to shut up (*Id.*).

Fletcher-Bey did not receive medical care, and the plumbing in his cell remained off for 18 hours, preventing him from cleaning the spray from his body (*Id.*). He alleges the event was later investigated by internal affairs, but they merely called him a "rat" for complaining about the event (*Id.* at pp. 3-4).

<u>Discussion</u>

Based on the allegations in the Amended Complaint, the Court finds it convenient the redesignate the claim as follows:

**Count 1:** **Eighth Amendment excessive force claim against John Doe #2 and John Doe #3 for the use of chemical spray on May 4, 2023.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Fletcher-Bey states a claim against John Doe #2 and John Doe #3 for their use of chemical spray on May 4, 2023. Although he mentions John Doe internal affairs officers who investigated the incident, he fails to allege that they participated in

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

the incident or violated his constitutional rights. He also does not list them in the case caption. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Thus, any potential claims against the internal affairs officers are **DISMISSED without prejudice**.

To help identify the unknown defendants, the Court **ADDS** Warden Anthony Wills, in his official capacity only, for the purpose of responding to discovery aimed at identifying the John Does. Once Wills has entered his appearance, the Court will enter a scheduling order setting forth additional guidelines for identifying the unknown defendants.

## Disposition

For the reasons stated above, Count 1 shall proceed against John Doe #2 and John Doe #3. All other claims and defendants are **DISMISSED without prejudice**. Warden Anthony Wills is **ADDED** to the case in his official capacity only.

The Clerk of Court shall prepare for Defendant Anthony Wills (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to defendant's place of employment as identified by Fletcher-Bey. If Defendant Wills fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on him, and the Court will require Defendant Wills to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

4

If Defendant Wills can no longer be found at the work address provided by Fletcher-Bey, the employer shall furnish the Clerk with his current work address, or, if not known, his last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Wills is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant Wills need only respond to the issues stated in this Merit Review Order**. Because Defendant Wills is only in the case for the purpose of responding to discovery aimed at identifying the unknown defendants, he need not file an Answer. Once counsel for Defendant Wills enters an appearance, the Court will enter a scheduling order for discovery related to the unknown defendants.

If judgment is rendered against Fletcher-Bey, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Fletcher-Bey is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to

comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 4, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**


### Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your Amended Complaint. After service has been achieved, counsel for the defendant will enter an appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. After the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Fletcher-Bey is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Fletcher-Bey need not submit any evidence to the Court at this time, unless specifically directed to do so.**