IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO D. FLETCHER-BEY,<br><br>　　　Plaintiff,<br><br>v.<br><br>ANTHONY WILLS, JOHN DOE #1,<br>JILIAN CRANE, and<br>LATOYA HUGHES,<br><br>　　　Defendants. | Case No. 23-cv-3514-NJR |
| and | and |
| ANTONIO D. FLETCHER-BEY,<br><br>　　　Plaintiff,<br><br>v.<br><br>JOHN DOE #2, JOHN DOE #3, and<br>ANTHONY WILLS,<br><br>　　　Defendants. | Case No. 24-cv-230-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

　　Plaintiff Antonio D. Fletcher-Bey, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, filed these two actions pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights. He now seeks to voluntarily dismiss both cases (Case No. 23-cv-3514-NJR, Doc. 67 and Case No. 24-cv-230-NJR, Doc. 29).

　　On October 27, 2023, Fletcher-Bey's first case was removed from the Circuit Court of Madison County, Illinois (Case No. 23-cv-3514, Doc. 1). After a preliminary review of his

claims pursuant to 28 U.S.C. § 1915A, he was allowed to proceed on the following three counts related to his medical care:

> Count 1: Eighth Amendment deliberate indifference claim against Anthony Wills for denying Fletcher-Bey access to physical therapy.
>
> Count 2: Eighth Amendment deliberate indifference claim against John Doe #1 and Jilian Crane for delaying Fletcher-Bey's access to his epidural injection, medications, and permits.
>
> Count 3: ADA claim for the failure to honor Fletcher-Bey's permits and provide him with assistive devices.

(Doc. 13, pp. 6-7).

Count 4, alleging excessive force against John Doe #2 and John Doe #3 for their use of chemical spray on Fletcher-Bey, was severed into a new case, *Fletcher-Bey v. John Doe #2, et al.*, Case No. 24-cv-230-NJR.

Fletcher-Bey's Complaint in the first case was labeled as a motion for temporary restraining order/preliminary injunction, seeking transfer to another facility, an appointment for a lower spine epidural injection, and other medical care (Case No. 23-cv-3514-NJR, Doc. 13, p. 8). Defendants were directed to respond to the motion (Doc. 13, p. 9; Doc. 14).

On June 6, 2024 the Court held an evidentiary hearing on the motion (Doc. 56). After the hearing, the parties filed additional briefing on the request for injunctive relief (Docs. 57, 59, 60). A few weeks later, the Court denied Fletcher-Bey's request for injunctive relief because he failed to demonstrate a likelihood of success on the merits of his claims (Doc. 61, pp. 13-14). Specifically, the evidence before the Court demonstrated that Fletcher-Bey was receiving medical care. Although he testified to a dissatisfaction with that care, dissatisfaction

does not amount to *deliberate indifference*. Further, Fletcher-Bey's own actions of signing a medical refusal form prevented him from receiving some of the care he sought in his motion (*Id*. at p. 15). Thus, there was simply no evidence of deliberate indifference that would justify the issuance of an injunction.

Seemingly in response to the Order denying his request for injunctive relief, Fletcher-Bey filed the pending motions to dismiss in both of his cases (Case No. 23-cv-3514-NJR, Doc. 67 and Case No. 24-v-230-NJR, Doc. 29). Fletcher-Bey acknowledges that he is of sound mind and understands the ramifications of dismissing his cases, including owing the balance of the filing fee in Case No. 24-cv-230-NJR. He seemingly takes issue with the Court's recent denial of his request for injunctive relief, alleging that he was highly disappointed with the proceedings. He also disparages the Court's determinations (Doc. 67, pp. 1-2). He further states that because of the Court's actions he no longer wishes to pursue his cases, does not welcome further clarification from the Court regarding his intentions, and intends to cease all communication with the Court going forward (*Id*. at p. 2). Because Fletcher-Bey's motion makes clear that his request for dismissal is made voluntarily with full knowledge of the ramifications, the Court **GRANTS** his motion and **DISMISSES** both cases **without prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close both cases.

But Fletcher-Bey's conduct in his motion warrants further discussion. Fletcher-Bey not only sought dismissal of his cases but used his pleading as an opportunity to express his outrage with the Court's recent ruling. He sought to express his dissatisfaction with the Court's ruling, as well as disparage and threaten the undersigned. Specifically, he accused the undersigned of lacking decorum and choosing "race and class over common decency"

(Doc. 67, p. 2; Case No. 24-cv-230-NJR, Doc. 29). He accused the entire Court of being "yet another faction for bigots to cower behind" (*Id.*). And he threatened to start a social media campaign against the undersigned (*Id.*). His filing is inappropriate, inflammatory, and insulting. Although Fletcher-Bey may be disappointed with the denial of his request for injunctive relief, he does not have free-reign to attack the judiciary. *See In re Mann*, 229 F.3d 657, 659 (7th Cir. 2000) ("Litigants are understandably disappointed when they do not prevail in court, but that does not give them the license to attack the integrity of the judiciary. Such abusive conduct will not be tolerated, not even from a *pro se* litigant."). There are proper avenues for expressing dissatisfaction with a Court Order, including a motion to reconsider or a properly filed appeal to the Seventh Circuit Court of Appeals. Attacks and threats are not proper conduct and will not be tolerated. Fletcher-Bey is warned that continued attacks on the undersigned or this Court as a whole will subject him to sanctions, up to and including monetary sanctions and a filing ban.

**IT IS SO ORDERED.**

DATED:  July 10, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**